Berryman and wife, Respondents, vs. Larmer, Appellant.

*October 19—November 16, 1920.*

*Paupers: County system of poor: Proceeding to establish status of person: Judgment as estoppel in action by third party: Trial: Special verdict: Refusal to submit question not in dispute.*

1. A county having adopted the county system of poor, the right to enforce liability for the support of a pauper is vested in the county superintendent of poor, so that the county court had no jurisdiction to enter a judgment requiring such support in a suit by the supervisors of a town within the county.
2. A judgment in a proceeding to establish the status of the father of the defendant and of one of the plaintiffs as a poor person, which required the defendant to pay a stipulated sum

for his support, does not estop the plaintiffs from recovering against defendant on a contract made by him to pay stated sums weekly to them for such support.

3. Where it was conceded at the trial that defendant had the right to terminate the contract, but the jury found that he had not terminated it at the only time he claimed he did, it was not error for the court to refuse to submit a question requested by the defendant as to whether he had the right to terminate the contract.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Contract. The plaintiffs claimed that the defendant made an express agreement with them on the 2d day of July, 1913, by the terms of which the defendant agreed to pay the plaintiffs at the rate of $7 a week for the support and maintenance of William Larmer, the father of the defendant and of the plaintiff *Sarah Berryman,* when he was up, and $10 a week when William Larmer was confined to his bed. The defendant denied the making of the contract, claimed that the plaintiffs were concluded by a judgment in a former action commenced in the county court of Green county by the supervisors of the town of Albany, as the result of which the defendant was ordered and adjudged to pay to the chairman of the town of Albany the sum of $5 per week for the support of said William Larmer.

The case was tried, being submitted to the jury upon a special verdict. The jury found, first, that the defendant made the contract as claimed by the plaintiffs; second, that the payments to be made under the contract were not limited to the amount held by the defendant and belonging to William Larmer, and that on the 14th day of October, 1913, the defendant had in his hands $111 belonging to William Larmer. On the coming in of the verdict the defendant moved for judgment dismissing the complaint by reason of the estoppel which the defendant claimed grew out of the proceedings had upon the complaint of the town of Albany, and that it further appeared that the contract of

July 2, 1913, had been terminated in October, 1913, and moved to change the answer to the first question from "Yes" to "No." There was a motion by the plaintiffs for judgment upon the verdict, the defendant's motions were denied, and the plaintiffs had judgment for $2,350.84 damages and $82.76 costs, from which the defendant appeals.

*H. N. B. Caradine* of Monroe, attorney, and *Charles E. Pierce* of Janesville, of counsel, for the appellant.

*J. L. Sherron* of Monroe, for the respondents.

ROSENBERRY, J.    The defendant's contention that the plaintiffs are estopped by the judgment rendered in the proceedings brought by the town board of the town of Albany against the defendant has no substantial support. It does not appear that the county court had jurisdiction, for the reason that at the time the suit was begun the county in which the town of Albany was situated had adopted the county system of poor and the right to enforce such liability as might have existed against George Larmer is, under that system, vested in the county superintendent of poor. Furthermore, that was a proceeding to establish the status of William Larmer as a poor person. The issues presented by the pleadings in this case were not within the issues presented in that case, neither is the result in this case dependent upon the status of William Larmer as a poor person. The issue presented here not having been presented by the issues or in fact tried by the former proceeding, that proceeding could not operate as an estoppel against the plaintiffs and prevent them from maintaining the present action.

Defendant further argues that the verdict of the jury is not supported by the evidence. We have examined the evidence and are of the opinion that there is ample support in the evidence for the verdict.

The defendant's next contention is that the court erred in refusing to submit to the jury a question, as requested, as to whether or not the defendant had the right to terminate

the contract. It was not claimed upon the trial that the contract was for any definite period and it was conceded that the defendant had the right to terminate it, and the defendant's contention that he had terminated the contract in October, 1913, was found against him. There being no claim on the part of the plaintiffs that the defendant did not have the right to terminate the contract and there being no claim on the part of the defendant that it was ever terminated at any time other than in October, 1913, the court was fully justified in declining to submit the question requested by the defendant.

*By the Court.*—Judgment affirmed.